IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02418-PAB-MJW

MELISSA MELLOTT,

Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

Defendant.

## STIPULATED PROTECTIVE ORDER

THIS MATTER is before the Court on the parties Joint Motion for Protective Order. This Court, having reviewed the same, and otherwise being fully advised in the premises, HEREBY ORDERS as follows:

IT IS HEREBY AGREED AND STIPULATED by and between the parties to this litigation that the following terms and conditions shall govern the use and treatment of confidential information produced by the parties in this litigation, as well as any third party from whom discovery is sought:

1.  "Confidential Information," as used herein, means any information, in whatever form, that a party produces in connection with formal or informal discovery in this litigation that such party in good faith believes contains, reflects or concerns personal financial and identifying information, trade secrets or other proprietary information which, if improperly disclosed, could cause injury or prejudice, including, but not limited to, engineering plans, drawings and specifications, test reports and results,

proprietary business information, business plans, information relating to personnel matters, and financial and other sensitive or proprietary information that is not publicly available. Confidential Information may not be used or disseminated except as provided in this Stipulated Protective Order ("Order"). Confidential Information includes documents, as broadly defined, including, without limitation, computer and other electronically-stored, -generated or -transmitted matter, tangible things and deposition testimony and exhibits. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

2.   A producing party may, subject to the limitation set forth in Paragraph 1, designate any information, document, thing or testimony that it furnishes in connection with this litigation as Confidential Information, and therefore subject to the provisions of this Order. Documents that the party wishes to designate as confidential must be designated as Confidential Information by affixing the legend "CONFIDENTIAL" to each document (including each page of a multi-page document). Any document not specifically designated as "CONFIDENTIAL" will be deemed not confidential and will not be subject to the terms of this Protective Order. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record up to two (2) weeks after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential. Any deposition testimony and/or exhibit not specifically designated as "CONFIDENTIAL"

pursuant to the provisions of these subsections (a) and (b) will be deemed not confidential and will not be subject to the terms of this Protective Order.

3.   Materials designated as Confidential Information may only be copied, disclosed, discussed, or inspected, in whole or in part, for the purposes of this litigation and only by the following persons:

(a) the parties in this lawsuit;

(b) counsel who represent the parties in this litigation, and the personnel who are directly employed by the attorney for the purpose of assisting with, or working on, this action;

(c) any person who is to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for any proceeding before the Court;

(d) expert witnesses retained and identified by the parties in this lawsuit; and

(e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit.

Confidential Information shall not be disclosed to any of the persons referred to in subparagraphs (c) and (d) until such persons have been provided with a copy of this Order and have agreed in writing to be bound thereto by execution of a written

agreement to that effect. The written agreement shall be in the form of the Confidentiality Agreement attached hereto as **Exhibit A**. All such agreements shall be retained by Counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

4. Whenever a document designated as Confidential Information, or the information contained therein, is to be referred to or disclosed in a deposition, meeting or other gathering, any party claiming confidentiality may exclude from the room any person who is not entitled under this Order to receive the Confidential Information. Whenever a document designated as Confidential Information, or the information contained therein, is to be referred to or disclosed in connection with any hearing or trial, any party claiming confidentiality may ask the Court to exclude any person who is not entitled under this Order to receive it to be removed for the duration of such discussion or testimony.

5. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps, as prescribed by the Court and its local rules, to have such matter filed under seal. The parties shall take such additional steps as are reasonably necessary to ensure that the papers or relevant portions, as the Court may order, shall be filed in sealed envelopes or other appropriate sealed containers.

6. Subject to rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing upon reasonable written notice of the intention to do so. Any party may move the Court for an Order that the evidence be received *in*

*camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such evidence at trial.

7. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

8. The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the precise pages and portions of each document that the party believes are not properly designated as Confidential Information, and the reason for this belief. If the parties can not resolve the objections within two (2) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party failed to file a motion within the prescribed time, the

disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential material for any purpose.

11. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose.

12. Upon termination of this action, all parties shall within sixty (60) days return to the producing party all materials marked Confidential (and any copies thereof) or destroy them. Counsel for each party shall furnish a certificate of compliance that all confidential materials produced to the party, as well as all summaries, excerpts or copies of such materials, have been returned or destroyed.

13. When any third party produces documents or gives testimony pursuant to a request from a party in this matter, such third party may designate their testimony or documents as "Confidential" pursuant to this Protective Order.

14. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

15. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Order, until Termination of this case.

**IT IS SO ORDERED**, this \_\_1st\_\_ day of \_\_February\_\_, 2010.

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## **CONFIDENTIALITY AGREEMENT**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, District of Colorado on _____, 2010 in the case of *Melissa Mellott v. MSN Communications, Inc.*, Civil Action No. 09-CV-02418-PAB-MJW. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Colorado for the purpose of enforcing the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed Name:_____


Signature:_____

**EXHIBIT A**
to Stipulated Protective Order