IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02418-PAB-MJW

MELISSA MELLOTT,

Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

Defendant.

---

**ORDER REGARDING
DEFENDANT MSN COMMUNICATIONS, INC.'S MOTION FOR ATTORNEY FEES
AND COSTS (DOCKET NO. 85)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on October 27, 2010; December 21, 2010; and January 31, 2011, for hearing on Defendant MSN Communications, Inc.'s Motion for Attorney Fees and Costs (docket no. 85). The court has reviewed the subject motion (docket no. 85), the response (docket no. 98), and the reply (docket no. 104). The court has considered the testimony and credibility of Plaintiff Melissa Mellott, her husband Jason Mellott, and Clifton Wiser. In addition, the court has considered the exhibits received into evidence, the affidavit of Julie M. Walker regarding attorney's fees and costs (docket no. 85-2), and the supplemental affidavit of Julie M. Walker regarding attorney's fees and costs (docket no. 104-3). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered arguments by the parties through counsel. The court now being fully informed makes the following findings of fact,

conclusions of law, and order.

Defendant MSN Communications, Inc., seeks an order from this court for reasonable attorney fees and costs pursuant to 28 U.S.C. § 1927 and Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987), that it has incurred in having to investigate and prepare responses to: (1) Plaintiff's Motion to File Under Seal; (2) Plaintiff's Motion for Three-Day Extension of Time; and, (3) Plaintiff's Motion for Forthwith Hearing.  See docket nos. 73, 76, 77.  The crux of these three motions was Plaintiff's effort to file under seal her entire response (i.e., legal brief and exhibits) to Defendant MSN Communications, Inc.'s Motion to Dismiss.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this court incorporates by reference all of my findings of fact, conclusions of law, and order outlined in this court's **Order Regarding Defendant MSN Communications, Inc.'s Motion for Court Order to Plaintiff to Surrender Passport, and for Expedited Ruling (docket no. 171);**

5. That Plaintiff Mellott's response to Defendant's Motion to Dismiss was due on Thursday, July 29, 2010;

3

6. That on July 29, 2010, Plaintiff Mellott filed with the court the Plaintiff's Unopposed Motion to File Under Seal Certain Material in Opposition to Motion to Dismiss (docket no. 73) and the Plaintiff's Motion for Three-Day Enlargement of Time to Respond to Motion to Dismiss (docket no. 76). On July 30, 2010, Plaintiff filed with the court Plaintiff's Motion for Forthwith Hearing on Plaintiff's Motion to Seal (docket no. 77). The point of these motions (docket nos. 73, 76, and 77) was Plaintiff's effort to file under seal her entire response brief and certain exhibits to her Opposition to the Motion to Dismiss. Defendant did not object to Plaintiff's request to file certain exhibits under seal, but Defendant did object to Plaintiff's request to file her entire brief under seal without having seen the brief in advance. See docket no. 75;

7. That in paragraph 7 of Plaintiff's Motion for Forthwith Hearing on Plaintiff's Motion to Seal (docket no. 77), it states: "There is a special urgency to this request, because plaintiff and her husband have been flown to Germany, where he has been assigned to another sensitive role in the military (and involving security of the United States)." In fact, there was no emergency as stated. See Order Regarding Defendant MSN Communications, Inc.'s Motion for Court Order to Plaintiff to Surrender Passport, and for Expedited Ruling (docket no. 171) and Second Affidavit from Major Richard Williams Exhibit A attached to Response (docket no. 85). Plaintiff's

4

husband testified that he has not been assigned to Germany, and USAF Major Richard A. Williams stated in his Affidavit that per a request for an affidavit made by Plaintiff's counsel, Jack Olsen, he spoke with Mr. Mellott's senior commander and advised that Mr. Mellott had not traveled to Germany under Air Force orders that year (2010) and was still stationed at the Air Force Academy with no permanent chance of station orders that would move him to Germany or elsewhere. (Docket no. 104-1 at 2, para. 3). Furthermore, the evidence does not support Plaintiff's allegation and testimony that she and her children moved to Germany or England. The purported copy of the passports of two of Plaintiff's children which was submitted by the Plaintiff may very well have been fabricated at least in part. Plaintiff has repeatedly failed to comply with this court's Order to produce the actual U.S. passports of her alleged six children which would have shown whether they traveled out of the United States as claimed by the Plaintiff. Furthermore, the stamped entries on the Plaintiff's own U.S. passport do not support her testimony about being outside of the United States during the pertinent period. Also, as this court previously found, Plaintiff's claim of using another, unproduced British passport, visa, or travel document to leave and re-enter the United States is simply not credible. In addition, the heavily-redacted purported bank records submitted by the Plaintiff do not

5

show the year the banking transactions took place or who even made the transactions, and thus they also do not support Plaintiff's testimony about being outside of the United States during the pertinent period. Also, the building where plaintiff claimed to have been residing in England with her children during the pertinent period has been shown to be an office building, rather than a private residence;

8. That on August 2, 2010, Magistrate Judge Watanabe entered the following minute order (docket no. 80):

> It is hereby **ORDERED** that Plaintiff's Unopposed Motion to File Under Seal Certain Material In Opposition to Motion to Dismiss **(Docket No. 73)** and Plaintiff's Motion for Forthwith Hearing on Plaintiff's Motion to Seal **(Docket No. 77)** are both **denied without prejudice** based upon the plaintiff's failure to comply with D.C.COLO.LCivR 7.2(F)(1) by not filing the brief and exhibits she seeks to seal. The court notes that D.C.COLO.LCivR 7.2(G) provides that "[a] paper that is the subject of a motion to seal will be sealed until the motion is determined by a judicial officer."

9. That at the beginning of this hearing on October 27, 2010, the parties stipulated into evidence Defendant's exhibits B and D. The court approved this exhibit stipulation;

10. That Plaintiff **failed to appear** for this hearing on October 27, 2010, even though she was specifically ordered to appear. See record of proceeding of October 27, 2010; the court's findings on Plaintiff's failure to appear; and this court's minute order docket no. 106 ordering Plaintiff to appear for this hearing. Plaintiff's husband,

6

Jason Mellott, testified that the Plaintiff was in Colorado currently but decided not to come to court because she would lose her job. In addition, Clifton Wiser, who was a former co-worker with Plaintiff, testified that he physically saw Plaintiff working at DishNetwork in Colorado on Monday, October 25, 2010, and in fact took a photo of Plaintiff with his cell phone on October 25, 2010, working at DishNetwork in Colorado. See Defendant's exhibit M. Plaintiff's claim that she was outside of the United States at the time of the October 27, 2010, hearing is not credible;

11. That as a result of Plaintiff's **failure to appear** on October 27, 2010, this court issued an Order to Show Cause (docket no. 131) and set a Show Cause Hearing on December 21, 2010, at 10:30 a.m.;

12. That on December 21, 2010, Plaintiff Melissa Mellott appeared before Judge Brimmer for hearing on: (1) Defendant's Motion to Compel Disclosure of Attorney Client Communications Pursuant to the Crime Fraud Exception (docket no. 140); (2) Defendant's Motion for Attorney Fees and Costs (docket no. 160); and (3) Defendant's Motion to Seal Certain Exhibits That Will be Offered at the December 21, 2010 Hearing (docket no. 188). During this hearing, Plaintiff Mellott allegedly got sick and left the courtroom with her husband, Jason Mellott, allegedly to go to the hospital. Judge Brimmer was unable to complete this hearing due to Plaintiff

Mellott's alleged illness, and such hearing was continued to December 27, 2011, at the request of Plaintiff Mellott's counsel, Mr. Olsen, over the objection by Defendant.  Mr. Olsen proffered to Judge Brimmer that he intended to call Plaintiff Mellott as a witness and thus needed a brief continuance since she was sick and could not testify that day.  See docket no. 188 and record of court proceeding for December 21, 2010, before Judge Brimmer.

The parties were previously **ORDERED** to appear before Magistrate Judge Watanabe on December 21, 2010, after they completed their hearing before Judge Brimmer. See docket no. 128.  This was a continued hearing on Defendant MSN Communications, Inc.'s Motion for Attorney Fees and Costs (docket no. 85) and for hearing on the two Orders to Show Cause (docket nos. 131 and 150).  Plaintiff Mellott again **failed to appear** before Magistrate Judge Watanabe on December 21, 2010.  At this hearing, Plaintiff's counsel, Mr. Olsen, orally moved this court to continue this hearing because his client, Plaintiff Melissa Mellott, was sick, and she wanted to testify at this hearing before this court.  I granted this oral motion to continue, and I reset this hearing to January 31, 2011, at 10:00 a.m. instead of December 27, 2010, as requested by Plaintiff Mellott through counsel Mr. Olsen;

13. That on December 27, 2010, Plaintiff Mellott, again **failed to**

**appear** before Judge Brimmer.  Plaintiff Mellott called the Clerk's Office at or just prior to the time of the hearing to advise that she allegedly had medical tests scheduled and thus could not appear. Plaintiff's counsel, Mr. Olsen, informed Judge Brimmer during this hearing that Plaintiff Mellott was not present and that he did not believe that Plaintiff Mellott wished to testify.  See docket no. 192 and record of court proceedings for December 27, 2011, before Judge Brimmer;

14. That on January 31, 2011, Plaintiff Melissa Mellott yet again **failed to appear** before Magistrate Judge Watanabe as directed.  Plaintiff Mellott did not even telephone the court at the time set for the hearing.  No explanation was provided for Plaintiff's latest failure to appear.  Plaintiff's Counsel, Mr. Olsen, claimed to be unaware of Plaintiff Mellott's whereabouts, and as an officer of the court, Mr. Olsen informed this court that he had e-mailed, mailed, and tried to notify Plaintiff Mellott of the January 31, 2011, hearing;

15. That 28 U.S.C. § 1927 provides that an award of attorney's fees and costs may be made against an attorney who multiplies the proceedings unreasonably and vexatiously.  See Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987);

16. That Plaintiff Mellott's course of action following entry of the above minute order (docket no. 80) was to file her legal brief in opposition to the Defendant's Motion to Dismiss with exhibits **without** filing

9

any of it under seal.  Plaintiff simply blacked out pertinent information regarding Plaintiff's Social Security number and alleged temporary Social Security number.  Thus, and for the other reasons detailed above, there was never any urgency to these motions (docket nos. 73, 76, and 77), and there was no basis for requesting a forthwith hearing.  Plaintiff Mellott merely abandoned her request to seal even in the face of Magistrate Judge Watanabe providing her the opportunity to obtain the relief she requested, albeit pursuant to the requirements of the United States District Court for the District of Colorado Local Rules of Practice.  See Order Regarding Defendant MSN Communications, Inc.'s Motion for Court Order to Plaintiff to Surrender Passport, and for Expedited Ruling (docket no. 171); Second Affidavit from Major Richard Williams Exhibit A attached to Response (docket no.85); and Minute Order (docket no. 80).  This is a prime example of Plaintiff and Plaintiff's counsel intentionally acting to needlessly multiply the proceedings unreasonably and vexatiously.  Furthermore, Plaintiff's repeated failures to appear at scheduled court hearings on the motions as directed, failure to comply with this Court's order to produce the U.S. passports of her children and her alleged British passport and visa, and false testimony also needlessly multiplied the proceedings unreasonably and vexatiously; and

17.	That the benchmark for an award of attorney fees under nearly all

10

of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable."  <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986).  "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee."  <u>Anderson v. Secretary of Health & Human Servs.</u>, 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of <u>Poolaw v. City of Anadarko, Okl.</u>, 738 F.2d 364, 368 (10th Cir. 1984), <u>overruled on other grounds</u>, <u>Skinner v. Total Petroleum, Inc.</u>, 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989), and has also considered the affidavit of Julie M. Walker regarding attorney's fees and costs (docket no. 85-2) and supplemental affidavit of Julie M. Walker regarding attorney's fees and costs (docket no. 104-3).  Taking these factors into consideration, this court finds that the hourly rates charged and the time spent by Defendant MSN Communications, Inc.'s attorneys are fair and reasonable hourly rates for attorneys practicing law in Denver, Colorado.  In addition, the court finds that the sum of $ 3,546.00 in attorney fees and costs is fair, reasonable, and necessary for having to defend Plaintiff Mellott's Unopposed Motion to File Under Seal Certain Material in

11

Opposition to Motion to Dismiss (docket no. 73); Plaintiff's Motion for Three-Day Enlargement of Time to Respond to Motion to Dismiss (docket no. 76); and Plaintiff's Motion for Forthwith Hearing on Plaintiff's Motion to Seal (docket no. 77).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS:**

1. That Defendant MSN Communications, Inc.'s Motion for Attorney Fees and Costs (docket no. 85) is **GRANTED;**

2. That Plaintiff Melissa Mellott and Plaintiff's Counsel, John R. Olsen, jointly and severally, shall pay to the Defendant MSN Communications, Inc., the sum of $3,546.00 in attorney fees and costs on or before February 16, 2011;

3. That Defendant MSN Communications shall also be awarded its reasonable attorney fees and costs for this motion (docket no. 85). On or before February 14, 2011, the parties shall meet and confer with respect to the attorney fees and costs associated with this motion. If the parties cannot agree as to the amount of such attorney fees and costs, Defendant shall then on or before February 16, 2011, file the

12

appropriate itemized affidavit with the court. Plaintiff shall then have up to and including February 28, 2011, to file a Response to the affidavit, and Defendant shall have up to and including March 10, 2011, to file a reply; and

4. That on or before February 16, 2011, Plaintiff shall show cause **in writing** why sanctions, including monetary sanctions, should not be imposed and why she should not be held in contempt of court for repeatedly failing to appear before this court as directed and for repeatedly failing to comply with this court's Order to produce the U.S. passports of her six children, her alleged British passport, visa, or other travel document.

Done this 2nd day of February 2011.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE