IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02418-PAB-MJW

MELISSA MELLOTT,

Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

Defendant.

**MOTION SEEKING LEAVE FOR WHEELER TRIGG O'DONNELL LLP
TO WITHDRAW FROM PROSECUTION OF CONTEMPT CITATION**

Defendant MSN Communications ("MSN"), by its undersigned counsel, respectfully submits its Motion Seeking Leave for Wheeler Trigg O'Donnell, LLP to Withdraw from Prosecution of Contempt Citation. In support, Defendant states:

**CERTIFICATE OF COMPLIANCE**

Pursuant to D.C. Colo. L. Civ. R. 7.1., Defendant sent counsel for Plaintiff an email requesting his position with respect to this motion. Counsel for Plaintiff did not respond.

**FACTS**

On October 15, 2009, this Court issued an Order of Reference to United States Magistrate Judge Watanabe in this case. [Docket No. 2]. Subsequent proceedings pursuant to that Order were presided over by Magistrate Judge Michael J. Watanabe. During those proceedings, Plaintiff Mellott refused to comply with several explicit orders from Magistrate Judge Watanabe, resulting in multiple Orders to Show Cause as to why

Plaintiff Mellott should not be sanctioned. [Docket Nos. 131, 150, 205, and 209].

On March 21, 2011, Plaintiff appeared before Magistrate Watanabe in response to the Court's Order. [Docket No. 209] During that hearing, Judge Watanabe, pursuant to his authority under Rule 42 of the Federal Rules of Criminal Procedure, initiated criminal contempt proceedings against Plaintiff Mellott, and provided Plaintiff an Advisement of Contempt. Plaintiff entered a plea of "not guilty" to those charges. [Docket No. 237]. Counsel for MSN inquired of the Court as to what attorney or office the contempt proceeding would be referred to for prosecution and the Court responded that the charges would be prosecuted by counsel for MSN. *See* Fed. R. Crim. P. 42 (2).

The contempt proceedings against Ms. Mellott will be presided over by this Court. *See Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 905-06 (3d Cir. 1992) ("a federal district judge adjudicates and punishes contempts which occur before a United States magistrate"); *see also* [Docket No. 239].

As the Court is aware, MSN has multiple requests for fees pending in this Court. [Docket Nos. 85, 104, 182, 198, 200, 201, 203, and 234]. In addition, on March 28, 2011, Plaintiff filed a motion for sanctions against Defendant and certain attorneys from Wheeler Trigg O'Donnell LLP seeking fees and other relief for alleged misrepresentations to the Court. [Docket No. 248]. Those matters *and* the criminal contempt proceedings against Plaintiff Mellott are simultaneously pending before this Court.

**ARGUMENT**

A Magistrate Judge has the authority to appoint a prosecutor when bringing

contempt proceedings against a civil litigant under Rule 42. Fed. R. Crim. P. 42(2) ("The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney."). On March 21, 2011, pursuant to that authority, Magistrate Judge Watanabe appointed Julie Walker to prosecute the criminal contempt proceedings against Plaintiff.

A cornerstone of the prosecutorial function is impartiality, both in practice and perception. That core principal is inviolate, regardless of whether the prosecution is conducted by government or private attorneys. Thus, the Supreme Court has held that, when criminal contempt proceedings arise out of civil litigation, the inherent conflicts of interest prohibit an attorney for an interested party from serving in a prosecutorial capacity. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801-07, (1987) (discussing the necessity for impartiality in the prosecutorial role and holding that, in prosecutions for contempt arising out of civil litigation, "counsel for a party that is the beneficiary of a court order may not be appointed as prosecutor in a contempt action alleging a violation of that order").

Here, the allegations and various contested proceedings among the parties (including requests for attorneys' fees and sanctions) raise the question of whether any attorney from the Wheeler Trigg O'Donnell law firm should be involved in the prosecution of Plaintiff Mellott in light of the legitimate concern that they may not be perceived by the public or this Court as impartial and fair. In such circumstances, as the *Young* case confirms, the interests of justice will be best served by the withdrawal of lawyers from Wheeler Trigg O'Donnell from the prosecution of Plaintiff Mellott for the

crimes she is charged with.  *Id.*

Accordingly, Defendant MSN respectfully requests that its counsel of record, Wheeler Trigg O'Donnell LLP and its attorneys, be permitted to withdraw only from prosecuting the charges of contempt against Plaintiff Mellott, and that this Court take whatever actions its deems necessary with respect to the continuation of that prosecution under Rule 42.  Wheeler Trigg O'Donnell LLP will continue to represent MSN in all other proceedings before this Court.

Respectfully submitted,

Dated:  March 31, 2011

*s/ Julie M. Walker*
Julie M. Walker, #24829
Raymond W. Martin, #8055
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone:  (303) 244-1800
Fax:  (303) 244-1879
walker@wtotrial.com
martin@wtotrial.com

*Attorneys for Defendant*
*MSN Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2011 I filed the foregoing **MOTION SEEKING LEAVE FOR WHEELER TRIGG O'DONNELL LLP TO WITHDRAW FROM PROSECUTION OF CONTEMPT CITATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- John R. Olsen    olsenbrown@comcast.net

*s/ Julie M. Walker by Tanya D. Huffaker*