IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02418-PAB-MJW

MELISSA MELLOTT,

Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

Defendant.

---

**ORDER REGARDING
[DEFENDANT'S] Motion Seeking Leave for Wheeler Trigg O'Donnell  LLP to
Withdraw from Prosecution of Contempt Citation
(Docket no. 252)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on [Defendant's] Motion Seeking Leave for Wheeler Trigg O'Donnell LLP to Withdraw from Prosecution of Contempt Citation (docket no. 252).  The Plaintiff did not file any timely response to the subject motion (docket no. 252).  The court has reviewed the subject motion (docket no. 252).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff Mellott has not filed any timely response to the subject motion (docket no. 252) and has confessed this motion;

5. That Magistrate Judge Watanabe never ORDERED the law firm of Wheeler Trigg O'Donnell, LLP, to prosecute the pending contempt citations. Instead, Magistrate Judge Watanabe ORDERED Defendant's Attorney Julie M. Walker to prosecute the pending contempt citations. [Magistrate Judge Watanabe informed Ms. Walker that she was the person who shall prosecute the pending contempt citations against Plaintiff Mellott on the record in open court on March 21, 2011]. See minutes and listen to the digital record of the Show Cause Hearing held before Magistrate Judge on March 21, 2011 (docket no. 236). Also, see written Advisement of Rights (docket no. 237);

6. That during the Show Cause Hearing on March 21, 2011, Plaintiff Mellott, following Magistrate Judge Watanabe oral and written Advisement on Contempt, requested that another judge (i.e., someone either than Magistrate Judge Watanabe who initiated the pending contempt citations) hear the pending contempt citations against her. Magistrate Judge Watanabe granted that request [oral motion], and District Judge Phillip A. Brimmer has set the Contempt

3

Hearing on the pending contempt citations and orders to show cause (docket nos. 131, 150, and 205 as amended in docket no. 209) on June 15, 2011, at 1:30 p.m. See docket no. 239;

7. That courts have the inherent authority to initiate contempt proceedings for disobedience of court orders which necessarily includes the ability to appoint a private attorney to prosecute contempt. The court's authority to initiate contempt prosecution is not limited to summary punishment of in-court contempt but extends to out-of-court contempts as well, and thus the court may appoint a special attorney to prosecute out-of court contempts. Although Fed. R. Crim P. 42(b) does not authorize the appointment of private attorneys, its reference to such appointments acknowledges the long-settled rule that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders, which authority necessarily includes the ability to appoint a private attorney to prosecute the contempt. The contention that only the United States Attorney's Office may bring a contempt prosecution is unavailing, since the Judiciary must have an independent means to vindicate its own authority without dependence on Executive Branch of Government to decide whether contempt proceedings should be initiated.

While contempt proceedings are sufficiently criminal in nature to

4

warrant the imposition of many procedural protections, their fundamental purpose is to preserve respect for the judicial system itself. The distinction between in-court and out-of-court contempt has been drawn not to define when a court has or does not have authority to initiate a prosecution for contempt, but for the purpose of prescribing what [due process] procedures must attend such exercise of such authority. However, a party that is a beneficiary of a court order may not be appointed as prosecutor in a contempt proceeding alleging violation(s) of a court order, even if the charged contempt is not serious contempt involving a sentence exceeding six months. A private attorney appointed to prosecute a criminal contempt should be as disinterested as a public prosecutor, since such attorney is appointed solely to pursue the public interest in vindication of the court's authority. See <u>Young v. United States ex rel. Vuitton et Fils S.A.</u>, 481 U.S. 787 (1987), and United States Attorney's Manual, Title 9, Criminal Resource Manual 768; and

8. That Defendant MSN has multiple requests for attorney fees pending in this case. See docket nos. 85, 104, 182, 198, 200, 201, 203, and 234. These requests are all pending before this court. In addition, on March 28, 2011, Plaintiff Mellott filed a Motion for Sanctions against Defendant and Its Attorneys for Materially Deceiving the Court (docket no. 248). This motion is pending before this court. Here, I find, that in the interest of justice and

5

consistent with Young v. United States ex rel. Vuitton et Fils S.A. 481 U.S. 787 (1987), and United States Attorney's Manual, Title 9, Criminal Resource Manual 768, that Defendant's Attorney Julie W. Walker should be removed as Special Prosecutor for the pending Contempt Citations and Orders to Show Cause (docket nos. 131, 150, and 205 as amended in docket no. 209).

## ORDER

**WHEREFORE**, based upon these finding of fact and conclusion of law this court **ORDERS**:

1. That [Defendant's] Motion Seeking Leave for Wheeler Trigg O'Donnell LLP to Withdraw from Prosecution of Contempt Citation (docket no. 252) is GRANTED as follows.  Defendant's Attorney Julie W. Walker is WITHDRAWN as the Special Prosecutor for the pending Contempt Citations and Orders to Show Cause (docket nos. 131, 150, and 205 as amended in docket no. 209). This court appoints as Special Prosecutor, consistent with Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987), and United States Attorney's Manual, Title 9, Criminal Resource Manual 768, for the pending Contempt Citations and Orders to Show Cause (docket nos. 131, 150, and 205 as amended in docket no. 209), United States Attorney for the District of Colorado John Walsh or one of Mr. Walsh's duly authorized designated Assistant United

6

States Attorneys;

2. That this case is set for a Contempt Hearing before Judge Phillip A. Brimmer on June 15, 2011, at 1:30 p.m.;

3. That a copy of this ORDER shall be served upon United States Attorney for the District of Colorado John Walsh by the Clerk of Court; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 28th day of April 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE