IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02418-PAB-MJW

MELISSA MELLOTT,

Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

Defendant.

---

**ORDER REGARDING
REASONABLE  ATTORNEY FEES AND COSTS AWARDED TO DEFENDANT MSN
COMMUNICATIONS, INC. FOR DEFENDANT MSN COMMUNICATIONS, INC.'S
MOTION FOR ATTORNEY FEES AND COSTS  (DOCKET NO. 85) PURSUANT TO
PARAGRAPH NO. THREE UNDER THE HEADING "ORDER" CONTAINED IN
DOCKET NO. 194.**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for determination of the amount of reasonable attorney fees and costs that should be ordered against Plaintiff Melissa Mellott and Plaintiff's Counsel, John R. Olsen, jointly and severally, for Defendant MSN Communications, Inc.'s Motion for Attorney Fees and Costs (docket no. 85) Pursuant to Paragraph No. Three Under the Heading "ORDER" contained in Docket No. 194.

This court has reviewed Defendant MSN Communications, Inc.'s Statement as to Fees and Costs Regarding Docket no. 85 (docket no. 198), the Plaintiff's Opposition to Defendant's Legal Fee Submission Pursuant to the Magistrate Judge's Order [docket no. 195] (docket no. 226); and Defendant MSN Communications, Inc.'s Response to

2

Plaintiff's Opposition to Defendant's Legal Fee Submission Pursuant to the Magistrate Judge's Order [docket no. 194] (docket no. 254).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That I incorporate by reference all of my findings of fact, conclusions of law, and my Order Regarding Defendant MSN Communications, Inc.'s Motion for Court Order to Plaintiff to Surrender Passport, and for Expedited Ruling (docket no. 171) and in my Order Regarding Defendant MSN Communications, Inc.'s Motion for Attorney Fees and Costs (docket no. 194);

5. That paragraph three (3) contained in the ORDER section of my ORDER REGARDING DEFENDANT MSN COMMUNICATIONS, INC.'S MOTION FOR ATTORNEY FEES AND COSTS [DOCKET NO. 85] (docket no. 194 at 12) states:

   That Defendant MSN Communications shall also be

3

awarded its reasonable attorney fees and costs for this motion (docket no. 85). On or before February 14, 2011, the parties shall meet and confer with respect to the attorney fees and costs associated with this motion. If the parties cannot agree as to the amount of such attorney fees and costs, Defendant shall then on or before February 16, 2011, file the appropriate itemized affidavit with the court. Plaintiff shall then have up to and including February 28, 2011, to file a Response to the affidavit, and Defendant shall have up to and including March 10, 2011, to file a reply;

6. That the parties have been unable to agree upon the amount of attorney fees and costs per this court's ORDER (docket no. 194) stated above;

7. That my determination of reasonable attorney fees and costs in this ORDER **is limited in scope to paragraph five of the Order listed above,** and there are pending motions before District Judge Phillip A. Brimmer where additional attorney fees and costs are being sought by the parties. See pending motions before Judge Brimmer (docket nos. 160, 238, and 248). Judge Brimmer will address these motions in due course and will decide whether attorney fees and costs should be awarded to either party;

8. That 28 U.S.C. § 1927 provides that an award of attorney's fees

4

and costs may be made against an attorney who multiplies the proceedings unreasonably and vexatiously. See Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987); and

9. That the benchmark for an award of attorney fees under nearly all of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In Ramos v. Lamm, 713 F.2d 546, 554 (10th Cir. 1983), overruled *in part* on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 438 U.S. 711 (1987), the Tenth Circuit outlined factors for the trial court to consider when deciding a reasonable attorney fee. Those factors are: (1) whether the tasks being billed would normally be billed to a paying client; (2) the number of hours spent on each task; (3) the complexity of the case; (4) the number of reasonable strategies pursued; (5) the responses necessitated by the maneuvering of the other side; and (6) potential duplication of services by multiple lawyers. As part of this reasonableness determination, a district court may discount

5

requested attorney hours if the attorney fails to keep "meticulous, contemporaneous time records" that reveal "all hours for which compensation is requested and how those hours were allotted to specific tasks." Id. at 553.

In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cir. 1988); Blanchard v. Bergeron, 489 U.S. 87 (1989), and Ramos v. Lamm, 713 F.2d at 554, and has also considered the affidavit of Julie M. Walker regarding attorney's fees and costs attached as Exhibit A to docket no. 254 and the affidavit of Julie M. Walker regarding attorney's fees and costs outlined in docket no. 198. Taking these factors into consideration, I find that the hourly rates charged by Defendant MSN Communications, Inc.'s attorneys are fair and reasonable hourly rates for attorneys practicing law in Denver, Colorado. I further find that 14 hours of attorney time at the rate of $290.00 per hour was a fair, reasonable, and necessary amount of attorney time for Defendant MSN Communications, Inc., to expend to file and prosecute its Motion for Attorney Fees and Costs (docket no. 85). Accordingly, I find that the sum of $4,060.00 [14 hours times $290.00=$4,060] in attorney fees should be paid by Plaintiff Melissa

6

Mellott and Plaintiff's Counsel, John R. Olsen, jointly and severally, to Defendant MSN Communications, Inc., per this court's previous ORDER (docket no. 194). That no costs are awarded since Defendant MSN Communications, Inc.'s supporting moving papers submitted do not specially show that such costs are directly related and associated with the filing and prosecution of its Motion for Attorney Fees and Costs (docket no. 85). See Ramos, *supra*.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court

**ORDERS** that Plaintiff Melissa Mellott and Plaintiff's Counsel, John R. Olsen, shall jointly and severally pay to the Defendant MSN Communications, Inc., the sum of $4,060.00 in attorney fees on or before May 23, 2011.

Done this 3rd day of May 2011.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE