IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02418-PAB-MJW

MELISSA MELLOTT,

    Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

    Defendant.

**ORDER**

This matter is before the Court on defendant MSN Communications, Inc.'s Motion for Bifurcated Process for Determination of Attorney's Fees Request, or in the Alternative, Motion for Leave to Submit Response to Plaintiff's Opposition to Defendant's Legal Fee Submission [Docket No. 238]. Defendant requests that the Court bifurcate the resolution of defendant's motion for attorney's fees and costs into two steps, the first addressing defendant's entitlement to fees and costs and the second resolving the reasonableness of defendant's requested amount. The basis for defendant's motion is its argument that bifurcating the process would be "the most efficient" approach. Docket No. 238 at 5. The Court, however, has already determined that it would be "most efficient to resolve the motion [for attorney's fees and costs] without requiring additional proceedings" and ordered defendant to file its fee request on or before February 18, 2011, see Docket No. 197 ("February 8 Order"), which defendant did. See Docket No. 201. Therefore, the Court construes defendant's

motion to bifurcate as a motion to reconsider the Court's February 8 Order.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir.1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at*1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Under any of these standards, defendant's request that the Court bifurcate the

proceedings must be denied. Defendant does not identify any basis for reconsideration of the earlier order. In fact, defendant argues that the Court had the discretion to decide how best to structure the resolution of the motion for attorney's fees in the interests of maximizing efficiency. The Court made an unambiguous determination that it would be most efficient to resolve the motion without any subsequent proceedings, a determination defendant cannot now avoid by requesting that the process begin anew.

Defendant had ample opportunity to submit and support a fee request. The Court granted defendant leave to renew an earlier motion for attorney's fees, and neither the first or renewed motion contained a specific fee request with support. *See* D.C.COLO.LCivR 54.3 (motions for attorney's fees "shall include the following for each person for whom fees are claimed: 1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and 2. a summary of relevant qualifications and experience"). If there could have been any confusion about the procedure at that point, the Court's February 8 Order dispelled it, affording defendant an opportunity to file its fee request for the purpose of permitting resolution of the motion for attorney's fees in one proceeding. Thereafter, pursuant to that clear direction, defendant filed its fee request and plaintiff filed a response. There is no basis to permit defendant another chance to support its fee request in the first instance, thus initiating another round of briefing, particularly in light of the underlying motion's request for a fee award based upon allegations that plaintiff multiplied the proceedings. Furthermore, after plaintiff had already filed her response, defendant filed without leave of the Court a "supplement" to its fee request consisting of over 200 pages of billing records without any description or briefing. *See* Docket No. 234. The

Court will strike that filing but will grant defendant leave to file a reply brief limited to the specific arguments raised by plaintiff's response regarding the basis and adequacy of defendant's fee request.

Therefore, it is

**ORDERED** that defendant MSN Communications, Inc.'s Motion for Bifurcated Process for Determination of Attorney's Fees Request, or in the Alternative, Motion for Leave to Submit Response to Plaintiff's Opposition to Defendant's Legal Fee Submission [Docket No. 238] is DENIED in part and GRANTED in part.  It is further

**ORDERED** that defendant's supplement to its fee request [Docket No. 234] is STRICKEN.  Defendant, however, may file a reply to the arguments raised in plaintiff's response [Docket No. 227] within seven days of the entry of this order.  It is further

**ORDERED** that plaintiff's motion to strike [Docket No. 260] defendant's supplement to its fee request is denied as moot.

DATED June 7, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge