IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02418-PAB-MJW

MELISSA MELLOTT,

    Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Certification of Facts Pursuant to Remand by Judge Brimmer and 28 U.S.C. § 636(e) (the "Certification") [Docket No. 293] filed by Magistrate Judge Michael J. Watanabe on June 21, 2011.  A magistrate judge may initiate contempt proceedings by "certify[ing] the facts to a district judge and . . . serv[ing] or caus[ing] to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified."  28 U.S.C. § 636(e)(6)(B) ("The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.").  Pursuant to 28 U.S.C. § 636(e), Magistrate Judge Watanabe has certified facts that he believes support initiation of both civil and criminal contempt proceedings against plaintiff.

Pursuant to Federal Rule of Criminal Procedure 42, which governs criminal contempt proceedings,

> [t]he court must give the person notice in open court, in an order to show cause, or in an arrest order.  The notice must:
> (A) state the time and place of the trial;
> (B) allow the defendant a reasonable time to prepare a defense; and
> (C) state the essential facts constituting the charged criminal contempt and describe it as such.

Fed. R. Crim. P. 42(a)(1).  The Certification, *see* Docket No. 293 at 12 (recommending that the Court "require Plaintiff Melissa Mellott to appear . . . to show cause why she should not be adjudged in contempt, both civil and criminal"), and the present order supply notice to plaintiff that criminal contempt proceedings have been initiated against her.  The "essential facts constituting the charged criminal contempt" are described in the Certification [Docket No 293].  Furthermore, an "attorney for the government," Mr. Kenneth Harmon of the United States Attorney's Office, has been appointed to prosecute the contempt.  Fed. R. Crim. P. 42(a)(2).[1]  In regard to the time and place of the criminal contempt trial, the Court must resolve the government's Motion for Order to Set Hearing As to Status of Counsel for Contempt Proceedings [Docket No. 289] before it can set the trial in this matter.  To date, plaintiff has failed to respond to this motion.

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m.** on **Friday, November 4, 2011**, plaintiff's counsel, plaintiff, and Mr. Harmon shall jointly contact chambers to schedule a hearing on the Motion for Order to Set Hearing As to Status of Counsel for Contempt

---

[1] Plaintiff was notified in an Advisement of Contempt of certain rights, including that the "maximum jail sentence upon a finding of contempt cannot exceed six months unless [plaintiff has] been advised of the right to a jury trial."  Docket No. 237 at 1, ¶ 3.

Proceedings [Docket No. 289].  Plaintiff is ordered to be present at such hearing.  It is further

**ORDERED** that, on or before **5:00 p.m.** on **Monday, November 7, 2011**, plaintiff shall file a response to the Motion for Order to Set Hearing As to Status of Counsel for Contempt Proceedings [Docket No. 289].  It is further

**ORDERED** that the U.S. Marshals Service shall personally serve a copy of this order upon plaintiff Melissa Mellott and the Clerk's Office shall mail a copy of this order to plaintiff at 899 Tarpan Place, Castle Rock, CO 80104.

DATED October 31, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge