IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 09-cv-02418-PAB-MJW

MELISSA MELLOTT,

    Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

    Defendant.
_____

## ORDER OF DENTENTION
_____

    THIS MATTER came before the Court for a detention hearing on December 21, 2011.  Present were the following: Kenneth Harmon, Assistant United States Attorney, Special Prosecutor; John W. Tinder, counsel for the defendant; and the defendant.  The Court reviewed the Pretrial Services Report and Government Exhibit 1 and considered the comments of counsel.

    The Court has concluded that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purposes of an appearance in connection with this proceeding.

    DATED and ENTERED this 21st day of December, 2011.

                                                 BY THE COURT:

                                                 s/ Kristen L. Mix
                                                 U.S. Magistrate Judge
                                                 Kristen L. Mix

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 09-cv-02418-PAB-MJW

MELISSA MELLOTT,

    Plaintiff,

v.

MSN COMMUNICATIONS, INC.

    Defendant.
_____

**FINDINGS OF FACT, CONCLUSION OF LAW and REASONS FOR
ORDER OF DETENTION**
_____

    THIS MATTER came before the Court for a detention hearing on December 21, 2011. The Court has taken judicial notice of the Pretrial Services Report, Government's Exhibit 1, and the case file and considered the comments of counsel.

    In order to enter an order of detention, the Court must find that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at

>> court proceedings; and
>
> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file and have considered the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has lied repeatedly about her employment with Blackstone Technology Group and Qwest Communications [Docket No. 311; Filed September 30, 2011, at 2-4, 17-18]. Defendant also lied repeatedly about her use of a social security number on a government I-9 form [#311 at 8-10].

Second, Defendant fabricated evidence in support of her civil claims, including Social Security Administration documents and emails [#331 at 8-10].

Third, Defendant purported to engage in extensive international travel during the course of her civil litigation [#311 at 10, 13 and 15], and lied about her international travel as well [#311 at 14].

Fourth, Defendant has repeatedly failed to abide by court orders in this case. She failed to bring her children's passports to a hearing scheduled for November, 2010 [#311 at 15], failed to appear at a November 16, 2010 hearing [#311 at 16], and failed to produce her alleged secret British passport, visa or other international travel documents [#331 at 20].

Fifth, Defendant has engaged in a tactic of getting sick when forced to confront her lies. This occurred at the December 21, 2010 hearing, which was continued to a future date because of Defendant's alleged illness. Nevertheless, Defendant again failed to appear [#331 at 17-20].

Sixth, as set forth in the Pretrial Services Report and Government's Exhibit 1, Defendant surrendered her passport pursuant to an Order of this Court on November 9, 2010. However, she immediately re-applied for a passport (on November 12, 2010), misrepresenting on the application that her passport had been lost after a recent trip and that she had made extensive efforts to search for it. [Exhibit 1].

Seventh, as set forth in the Pretrial Services Report, Defendant is apparently unable to be truthful about relatively minor matters. She reported no surgery for a kidney illness, but her husband reported that she received kidney surgery last year. She indicated that she had participated in marriage counseling with a previous husband, but her current husband reported that he and the defendant participated in marriage counseling in 2010.

Eighth, Defendant has limited financial ties and no familial ties to Colorado.

Ninth, Defendant was on bond in a state felony criminal case (2011CR49) at the time of the alleged instant offense.

After considering all of the factors set forth in the Bail Reform Act and the offense charged in this case, I find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. In support of this finding, I note the factors listed above, as well as the sentence that could be imposed if the defendant is found guilty of the charged offense.

DATED and ENTERED this 21st day of December, 2011.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge