IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02418-PAB-MJW

MELISSA MELLOTT,

    Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

    Defendant.

**ORDER**

    This matter comes before the Court on remand from the United States Court of Appeals for the Tenth Circuit of the Court's September 30, 2011 imposition of a $25,000 sanction against Mr. John R. Olsen and the law firm of Olsen & Brown, LLC, plaintiff's counsel during the litigation of this matter [Docket No. 311].

    In the September 30, 2011 order, the Court "order[ed], as a sanction stemming from violations of Fed. R. Civ. P. 11, that Mr. Olsen also pay $25,000.00 into the Registry of the Court" and that the "law firm of Olsen & Brown, LLC is jointly responsible for payment of this amount pursuant to Fed. R. Civ. P. 11(c)(1)." Docket No. 311 at 42.[1] The Tenth Circuit ruled that, because defendant's motion for sanctions did not comply with the procedural requirements of Fed. R. Civ. P. 11(c)(2), the sanctions award must be vacated. The Tenth Circuit also noted that it was questionable whether a sanction award pursuant to 28 U.S.C. § 1927 could be payable to the Court, and

---

    [1]For a detailed discussion of the factual background of this matter, the Court refers readers to the September 30 order. See Docket No. 311 at 2-22.

therefore remanded the matter for a determination of whether the Court's inherent authority would support such a sanction.

Before a Court may award a sanction based upon its inherent authority, it must "exercise caution" and "comply with the mandates of due process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). In the present matter, defendant invoked the Court's inherent power as a source of authority supporting sanctions against Mr. Olsen. *See* Docket No. 160 at 1, 17-18. The motion was fully briefed before the Court held hearings on December 21 and 27, 2010. During the December 27 hearing, the Court's inherent authority was a subject of argument and of questioning by the Court. *See* Docket No. 244 (Tr. of 12/27/10 Hrg.) at 18 (Counsel for defendant stated that "[w]e have provided legal authority to the Court in our motion under both Rule 11, under Title VII, Federal Rule 26 and 37, 28 U.S.C. 1927 and the court's inherent power to deter and sanction abuse of the judicial process."); *see id.* at 38-39. The Court, therefore, concludes that Mr. Olsen had abundant notice and an opportunity to be heard on the issue of whether the Court's inherent authority supported a sanction award against him.

In the September 30, 2011 order, the Court, after addressing the nature of Mr. Olsen's actions, concluded that "Mr. Olsen's conduct exceeded mere objective unreasonableness" and that the "source of authority for sanctions thereby arises from the Court's inherent authority, in addition to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11." Docket No. 311 at 33 (citing *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)). As the Tenth Circuit's decision makes clear, the Court specifically invoked Rule 11 when it

ultimately calculated and imposed the sanction amount.  *See* Docket No. 311 at 42.  The Court's conclusion, however, that Mr. Olsen's actions support an award based upon the Court's inherent authority, *see id.* at 33, remains unchanged.  Furthermore, the Court finds that a $25,000 award appropriately sanctions Mr. Olsen for conduct which wasted significant amounts of judicial time, *see* Docket No. 311 at 30-31 (noting, in the context of discussing potential § 1927 sanctions against Mr. Olsen, that "[t]his Court and the magistrate judge ha[d] already held over nine hours of hearings related to sanction issues alone and ha[d] spent countless additional hours outside the courtroom on such issues"), and serves to "deter frivolous and abusive litigation and promote justice and judicial efficiency."  *Braley*, 832 F.2d at 1510.  In light of the Tenth Circuit's ruling that Rule 11 is inapplicable under the circumstances presented here, however, the Court will not hold Olsen & Brown jointly responsible for the payment of this sanction pursuant to Rule 11(c)(1).

For the foregoing reasons, it is

**ORDERED** that, pursuant to the Court's inherent authority, John R. Olsen is sanctioned $25,000.00.  Because Mr. Olsen has already paid that amount into the Registry of the Court, *see* Docket No. 343, he is required to take no further action.

DATED August 16, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge